**FILED**



**2:55 pm, 2/16/22**

**Margaret Botkins**
**Clerk of Court**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| vs. | ) Case No.   21-cr-84-NDF |
| PHILLIP AARON DOBBINS, | ) |
| Defendant. | ) |

### ORDER REVOKING PRETRIAL RELEASE

The above-entitled matter, having come before the Court on Petition for Action on Conditions of Pretrial Release, and the Court having carefully considered the matter, and being fully advised, FINDS:

1. On June 29, 2021, Defendant Phillip Aaron Dobbins was placed under pretrial release supervision by this Court. Conditions of Defendant's pretrial release required the Defendant to report directly to the inpatient treatment program at the Life House, 3322 Strahan Parkway, in Sheridan, Wyoming, and comply with the rules and procedures of the program. He shall successfully complete treatment and not discontinue treatment. The Defendant shall not leave the Life House facility without permission of the Life House staff. The Defendant shall be transported to this facility by Melanie Brown. The Defendant shall have a

       Detention Review hearing no later than ten (10) days prior to his release from the program.

2. On October 5, 2021, the Defendant appeared before the Honorable Kelly H. Rankin, Chief U.S. Magistrate Judge for a Detention Review Hearing. The Defendant was ordered detained with the terms as follows:

> Court orders Defendant to remain at the residential program in Sheridan until he is released on October 7, 2021. Defendant is to be transported by Stephanie Lee (friend of Defendant) or a responsible family member from the residential program directly to the USMS office in Casper no later than 5:00 PM on October 7, 2021 to be remanded in custody.

3. On or about October 6, 2021, it was discovered the Defendant had left the residential program in Sheridan on the evening of October 5, 2021, at approximately 6:30 PM. Attempts to locate the Defendant have been unsuccessful and his whereabouts were unknown as noted in Violation Number 1 of the Petition to Revoke Pretrial Release.

4. At the Pretrial/Bond Revocation hearing held on February 16, 2022, Defendant did not contest to Allegation #1 of the Petition to Revoke Pretrial Release.

5. Accordingly, the Court finds clear and convincing evidence that Defendant violated a term of his pretrial release as set forth in the Petition to Revoke.

6. The Court further finds that amended conditions cannot be fashioned to ensure that

the defendant will be a suitable candidate for pretrial release and that there are no conditions or combination of conditions that can be imposed to ensure Defendant is neither a flight risk or a danger to persons in the community.  Further, it is unlikely Defendant will abide by any condition or combination of conditions of release.

NOW, THEREFORE, IT IS ORDERED that Defendant's bond, and the same hereby is, REVOKED.

IT IS FURTHER ORDERED that the Defendant be remanded to the custody of the United States Marshals Service pending resolution of this case.

Dated this 16th day of February, 2022.

_____
Kelly H. Rankin
United States Magistrate Judge